IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION


TERRELL CY FLOOD, #302995, )
                              )
              Petitioner,     )       Civil Action No. 3:09-375-JFA-JRM
                              )
v.                            )
                              )       **REPORT AND RECOMMENDATION**
                              )
JON OZMINT; WARDEN LEE        )
CORRECTIONAL INSTITUTION,     )
                              )
              Respondents.    )
_____)


        Petitioner, Terrell C.Y. Flood, ("Flood"), is an inmate at the South Carolina Department of

Corrections serving a sentence of twenty (20) years imprisonment for assault and battery with intent

to kill ("ABWIK") and consecutive sentences of five (5) years for possession of a firearm during a

crime of violence and possession of crack cocaine. Flood filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 which was received by the Court on February 13, 2009. Respondents

filed a return and motion for summary judgment on July 16, 2009. Because Flood is proceeding *pro*

*se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 17,

2009 advising him of his responsibility to respond to the motion for summary judgment. Flood filed

his response to the motion on August 5, 2009.

## Background and Procedural History

During the early morning hours of August 15, 2003, police officers executed a search warrant at a crack house which was the residence of Lewis Stevenson in Heath Springs, Lancaster County, South Carolina. The house was occupied by Stevenson, Flood and Jarvis Anthony. While the officers were attempting to break through the front door of the house, Flood, who was sleeping on a couch in the front room, awakened and fired three shots at the door. Deputy Stacey Roberts was struck. Flood was arrested. After Flood gave a statement to the officers concerning the incident, they obtained a second search warrant, returned to the house, and seized two pistols, some crack cocaine found in Flood's clothing and other items. Flood was indicted for ABWIK, possession of crack cocaine, and possessing a firearm during a crime of violence.

Flood was tried by a jury and found guilty in June of 2004. He was represented by Ross Burton, Esquire. Flood, as well as Stevenson and Anthony, testified at trial. Flood testified that he was a crack dealer, the residence was a crack house, and he fired three shots because he thought his girlfriend's ex-boyfriend was attempting to break into the house to harm him. The trial court charged, with respect to the ABWIK indictment, that Flood could be found guilty of ABWIK, the lesser included offense of assault and battery of a high and aggravated nature ("ABHAN"), or not guilty including by way of self-defense. Flood was found guilty as charged.

An Anders[1] brief was filed on Flood's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> The trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

---

[1] Anders v. California, 386 U.S. 738 (1967).

Flood filed a *pro se* brief raising an additional eight issues:

1. Did the Trial Court error by not dismissing charges, because State fail to put up evidence (Corpus Delicti), that Officer Roberts was actual shot; such as X-rays, doctor's testimony and clothes, etc.?

2. Did court error by not dismissing the Indictment 02-1102 for possession of crack cocaine for lack of proof of possession, and a 4th Amendment violations?

3. Did court error by not supressing all evidence, because of falsehood in search warrant of Green's that drugs were brought by informant at residence within the past 72 hours?

4. Did court error by allowing hearsay to be used to prove crime charged of possession of crack cocaine?

5. Did court error by not ordering mistrial for solicitor's improper argument in closing?

6. Did court give a unconstitutional charge on Assault & Battery with intent to kill, by use of murder charge with it and confused the jury by calling upon them to be a expert medical doctor?

7. Is *pro se* also entitled for the gun charge to also be dismissed by the court because he has proven the above convictions cannot stand by law?

8. Was trial court attorney ineffective assistance of counsel on *pro se* behalf by failing to argue these issues above on *pro se* behalf, and can court hear these issues?

Flood's convictions were affirmed. *See* <u>State v. Flood</u>, Unpublished Op.No. 2006-UP-182 (Ct.App. filed April 6, 2006). (App. 505).

On July 18, 2006, Flood filed an application for post-conviction relief ("PCR"). (App. 457). An evidentiary hearing was held on August 27, 2007. Flood was represented by Leah B. Moody, Esquire. Flood and his trial attorney, Mr. Burton, testified. The PCR court filed an order of

dismissal on September 21, 2007.  A <u>Johnson</u>[2] petition for writ of certiorari was filed by the South

Carolina Commission on Indigent Defense raising the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not fully investigating petitioner's case?

Flood filed a *pro se* brief raising an additional five issues:

1. Was trial counsel ineffective for not presenting a mitigation case about the fact that a x-ray, the officer's shirt, vest, or glove was not put in as evidence to prove a bullet had in fact past through them denied petitioner a fair trial?

2. The trial court errored by allowing a jury verdict to stand, if the instructions provided to the jury didn't require it to find each element of the crime under proof.

3. The trial court errored in allowing the jury verdict to stand under the <u>Jackson v. Virginia</u> test for sufficiency of the evidence if essential elements of the crime beyond a reasonable doubt are not met.

4. Attorney was ineffective for failing to investigate grounds for suppression of defendant's incriminating statements to police, and also failed to surppress the testing on <u>another gun</u> that was not gun on indictment.

5. Attorney failed to investigate grounds for suppression of defendant's incriminating statement to police.  Counsel failed to properly investigate the facts of the case and evidence against defendant.

The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated

October 8, 2008.

### **Grounds for Relief**

The original petition filed in this Court presented three grounds for relief. The amended

petition repeated these same grounds, albeit in a different order, and added an additional seven

grounds ("arguments") which are overlapping.  The undersigned has renumbered Flood's grounds

---

[2]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988); <u>see</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

4

as follows:

**Ground One:** Did court error by not dismissing charges because state failed to put up evidence; x-rays, cloths, doctor's testimony, etc.?

**Ground Two:** Did Court give an unconstitutional charge on Assault and Battery with Intent to Kill, by use of Murder Charge with it and confuse the jury.

**Ground Three:** Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

**Ground Four:** Was trial counsel ineffective for not presenting a mitigation case about the fact that the officer's shirt, vest, or glove, x-rays or doctors was not put up in as evidence to prove a bullet had in fact past through them denied Petitioner a fair trial?

**Ground Five:** The trial court errored by allowing a jury verdict to stand, if the instructions provided to the jury didn't require it to find each element of the crime under proof.

**Ground Six:** The trial court errored in allowing the jury verdict to stand under the <u>Jackson v. Virginia</u> test for sufficiency of the evidence if essential elements of the crime beyond a reasonable doubt are not met.

**Ground Seven:** Attorney was ineffective for failing to investigate grounds for suppression of defendants incriminating statements to police, and also failed to suppress the testing on another gun that was not the gun on the original indictment.

**Ground Eight:** Was trial counsel ineffective for not presenting a mitigation case about the fact that the x-ray, officer's shirt, vest, or glove was not put in as evidence to prove a bullet had in fact past through them denied petitioner a fair trial?

**Ground Nine:** Attorney failed to investigate grounds for suppression

5

of defendants incriminating statement to police. Counsel failed to properly investigate the facts of the case and evidence against defendant.

**Ground Ten:**    Was counsel ineffective for not investigating all the facts of the case and allowing the stat(e) to put a different firearm into evidence that wasn't the firearm on the original indictment (Arrest warrant).

### Discussion

Since Flood filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

* * *

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

### 1. Sufficiency of Evidence (Grounds 1, 3 and 6)

Flood argues that there was insufficient evidence to support the verdicts of guilty.  He asserts that the evidence was insufficient because the State failed to introduce certain items of physical evidence or forensic evidence to show that the officer had actually been shot. (Grounds 1 and 3).  He further argues that the evidence was insufficient to support a finding that each element of the crimes had been proved beyond a reasonable doubt. (Ground 6).

A habeas petitioner's claim that he was convicted on insufficient evidence is cognizable as a due process violation.  Jackson v. Virginia, 443 U.S. 307 (1979), Schulp v. Delo, 513 U.S. 298 (1995).  The due process clause is not violated if, viewing the evidence in the light most favorable to the State, and giving the prosecution the benefit of all reasonable inferences, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir. 1994).  This court is required to review and evaluate all of the evidence presented at trial in assessing such a claim.  Wright v. West, 505 U.S. 277 (1992).  Completely circumstantial evidence may be adequate to support a conviction.  Stamper v. Munice, 944 F.2d 170 (4th Cir. 1991).

Officer Roberts, and the other officers who were present for the execution of the search warrant, all testified at trial as to the shooting. Officer Roberts described in detail that he was shot twice in the chest, one bullet penetrating his protective vest causing a collapsed lung, and once in his left hand. (App. 168-171). Further, Flood testified at trial that he fired three shots through the door. (App. 316-317). There was certainly sufficient evidence to support the verdict.

Flood argues that there was insufficient evidence to support the verdicts because evidence of each element of each crime was not established by proof beyond a reasonable doubt. (Ground 6). Flood does not state the elements of the charges under South Carolina law, nor does he discuss which element or elements of those crimes had not been proved.

As discussed above, the evidence was sufficient to support the conviction for ABWIK. Further, Flood admitted at trial that he possessed the gun and fired the shots. Last, Flood testified at trial that after he was arrested he told the officers that he had some crack cocaine in his clothing in the house and that the officers returned to the house and found it. (App. 327-328).

## 2. Unconstitutional Jury Charges (Grounds 2 and 5)

Flood asserts that the trial court's jury instructions were constitutionally defective in two respects. First he contends that the ABWIK jury instruction was defective and confusing because it incorporated and used the term "murder" and its definition. Second, he argues that the instruction did not require the jury to find that the State had proved each element of each crime before it could find him guilty.

### a. ABWIK

The trial court charged the jury:

Assault and battery with intent to kill contains all of the elements of murder except the actual death of the person assaulted. So before the defendant can be convicted of

8

assault and battery with intent to kill, the jury must be satisfied beyond a reasonable doubt that if the victim or the person assaulted had died as a result of the injuries, the defendant would have been guilty of murder.

(App. 419-420).

The PCR court addressed this issue as a claim of ineffective assistance of counsel for failing to object to the charge. The PCR court found no error because the charge accurately reflected South Carolina law. The ruling was affirmed by the South Carolina Supreme Court. Flood has cited no cases which would show that the charge was constitutionally defective.

### b. Essential Elements

It is axiomatic that the State must prove the essential elements of a crime beyond a reasonable doubt before a defendant can be found guilty. Review of the record shows that the trial court specifically instructed the jury:

A defendant is not required to prove his innocence, but the state is required in law to prove every essential element of the offense charged against the defendant by evidence which satisfies you the jury of the guilty of the defendant beyond a reasonable doubt before you can convict the defendant and find him guilty.

(App. 412-413).

Further, review of the instruction as a whole shows that the trial court defined the essential elements of each charge, including lesser included offenses.

### 3. Ineffective Assistance of Counsel

Flood asserts that his trial attorney was ineffective for failing to properly investigate his case (Grounds 7, 8, 9 and 10), and for failing to present "a mitigation case" (Grounds 4 and 8).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States

Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state

10

courts properly applied the <u>Strickland</u> test.  *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

### a.  Failure to Investigate

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses.  <u>Sneed v. Smith</u>, 670 F.2d 1348 (4th Cir. 1982).  The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time.  <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992).  The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "<u>Strickland</u> does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client."  <u>Green v. French</u>, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by <u>Williams v. Taylor</u>, 529 U.S. 362 (1998).  A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas.  <u>Strickland</u>, 466 U.S. 690-91.  A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.  Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel.  However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial.  <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

The PCR court rejected Flood's claim that his attorney failed to properly investigate the case because he failed to introduce evidence at the PCR hearing as to what further investigation may have revealed.  Citing <u>Moorehead v. State</u>, 329 S.C. 329, 496 S.E. 2d 415 (1998), the PCR court held that

"failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." (App. 500).

Flood argues that counsel failed to investigate grounds for suppressing his statement to the police and the firearm that was introduced at trial. With respect to the statement, Flood did not testify at trial or at the PCR hearing that his statement was involuntary. The defense strategy was to argue that Flood did not act with malice or intent to kill Deputy Roberts. Therefore, the defense attempted to show that Flood was completely cooperative after his arrest, including giving a voluntary statement. With respect to the firearm, Flood points to a discrepancy of one digit of the serial numbers of the gun introduced and the ballistics report. However, as noted above, Flood admitted at trial to firing the shots.

### b. Mitigation Case

Flood argues that counsel was ineffective "for not presenting a mitigation case about the fact that the officer's shirt, vest, or glove, x-rays or doctors was not put up on as evidence to prove a bullet had in fact past through them." It is not clear but it appears Flood believes his attorney should have argued that the State had not proved his guilt beyond a reasonable doubt because the State failed to introduce this evidence.[3] This would have been in contradiction of the defense strategy to admit that Flood fired the shots because he thought he was being attached by his girlfriend's ex-boyfriend.

### 4. Procedural Bar

In addition to Flood's grounds for relief being unmeritorious when considered on their merits, many of them were not properly raised in state court and are, therefore, procedurally barred.

---

[3]If counsel had sought to introduce this evidence at trial, it would have surely magnified the severity of Flood's crimes.

### 1.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[4]  Further, he may present only those claims which have been squarely

presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim],

the substance of [the] claim must have been fairly presented in state court...that requires the ground

relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may

be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir.

1999) (internal quotes and citations omitted).  If any avenue of state relief is still available, the

petitioner must proceed through the state courts before requesting a writ of habeas corpus in the

federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d

1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any

means to do so, he will be required to return to the state courts to exhaust the claims.  *See* Rose v.

Lundy, *supra*.

>    **2.      Procedural Bypass[5]**

Procedural bypass is the doctrine applied when the person seeking relief failed to raise

the claim at the appropriate time in state court and has no further means of bringing that issue before

the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal

habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of

a constitutional claim in earlier state proceedings forecloses consideration by the federal courts,

Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings,

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[5]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state

court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th

17

Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Flood's claims that hew as convicted on insufficient evidence (Grounds 1, 3 and 6) are procedurally barred. Under South Carolina procedure a criminal defendant must raise and obtain a ruling on an issue to preserve it for appellate review. State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-913 (Ct.App. 2004). Further, "(i)f a defendant presents evidence after denial of his directed verdict motion at the close of the State's case, he must make another directed verdict motion at the close of all evidence in order to appeal the sufficiency of evidence." State v. Bailey, 368 S.C. 39, 43, 626 S.E.2d 898, 900, n. 4 (Ct.App. 2007).

At the end of the State's case, counsel made a motion for summary judgment arguing that Flood lacked the mens rea to support the ABWIK charge and that **derivatively??** he could not be convicted of the gun charge. Counsel did not renew the motion for directed verdict at the end of the State's case. Therefore, the issue of sufficiency of evidence was not preserved for appellate review, and would not have been considered on direct appeal despite the fact that Flood raised it in his *pro se* brief.

Likewise, Flood's claims that the court's jury instructions were defective are procedurally barred. No objection was made to the charges at trial, and the claims are procedurally barred even though Flood raised them in his pretrial brief.

Flood generally presented his ineffective assistance counsel claims during the PCR and on appellate review.

## Conclusion

Based on a review of the record, it is recommended that Respondents' motion for summary

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

January 12, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).