UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Terrell Cy Flood, #302995, | ) | C/A No. 3:09-375-JFA-JRM |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Jon Ozmint; Warden, Lee Correctional Institution, | ) | |
| Respondents. | ) | |

Petitioner Terrell Cy Flood, a state prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2254.

The Magistrate Judge assigned to this action[1] has prepared a detailed and comprehensive Report and Recommendation ("Report") that recommends that respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and, which were

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

timely entered on the docket on January 12, 2010.

I.     Procedural Background

The petitioner is an inmate at the South Carolina Department of Corrections serving a twenty-year sentence for assault and battery with intent to kill and consecutive sentences of five years for possession of a firearm during a crime of violence and possession of crack cocaine. Petitioner was tried by a jury and found guilty in June 2004.

Petitioner filed a direct appeal[3] of his criminal conviction, which the South Carolina Court of Appeals denied on April 6, 2006.[4]

   A.     The First PCR

The petitioner filed his first application for state Post Conviction Relief (PCR) on July 18, 2006. On August 27, 2007, PCR Judge held an evidentiary hearing with attorney Leah Moody appearing on behalf of the petitioner.

---

[3] Appellate counsel for petitioner (Tara Taggart) raised the following issue in her *Anders* brief: (1) the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt. Anders v. California, 386 U.S. 738 (1967). Petitioner filed a pro se brief raising the following issues to his appeal: (2) the trial court erred by not dismissing charges because the state failed to put up evidence that Officer Roberts was actually shot; (3) the trial court erred by not dismissing the indictment for possession of crack cocaine for lack of proof of possession and Fourth Amendment violation; (4) the trial court erred in not suppressing all evidence because of a falsehood in the search warrant of Greens that all drugs were bought by the informant at the residence within the past 72 hours; (5) the trial court erred by allowing hearsay to be used to prove the crime charged of possession of crack cocaine; (6) the trial court erred by not ordering a mistrial for the solicitor's improper argument in closing; (7) the court erred in giving an unconstitutional charge on assault and batter with intent to kill by use of a murder charge with and confused the jury by calling upon them to be an expert medical doctor; (8) is pro se also entitled for the gun charge to also be dismissed by the court because he has proven the above convictions cannot stand by law; and (9) the trial court attorney was ineffective by failing to argue these issues on petitioner's behalf and can the court hear these issues.

[4] See State v. Flood, Op. No. 2006-UP-182 (S.C. Ct. App., filed Apr. 6, 2002). The South Carolina Court of Appeals dismissed the appeal after its review of the record under Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 305 S.C. 116 (1991). The petitioner did not seek rehearing or certiorari to the South Carolina Supreme Court.

2

In its order filed September 21, 2007, the PCR court dismissed petitioner's PCR reasoning that, trial counsel's strategy was not ineffective, that trial counsel was credible, and that petitioner was not credible. The PCR court also found that petitioner had failed to prove that he was prejudiced by trial counsel's actions. Specifically, the PCR court found that (1) trial counsel was not ineffective for failing to object when the state failed to produce evidence of the victim's injury because the victim testified that he was shot three times; (2) that the jury charge correctly stated the law; and (3) petitioner failed to present any probative evidence as to any other allegations. At bottom, the PCR court found that petitioner could not satisfy either requirement of the Strickland test and had not established any constitutional violations or deprivations.

B.  Appeal of the PCR

Petitioner timely appealed the PCR court's order through a writ of certiorari. Counsel for petitioner filed a motion to be relieved as counsel and a Johnson[5] petition raising one issue:

(1) Did the PCR court err in failing to find trial counsel ineffective for not fully investigating petitioner's case.

Petitioner filed a pro se brief raising the following additional issues:

(2) Trial counsel ineffective for not presenting a mitigation case about the fact that an x-ray, the officer's shirt, vest or glove was not put in as evidence to prove a bullet had in fact past through them, denying petitioner a fair trial;

(3) The trial court erred by allowing a jury verdict to stand if the instructions

---

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

3

provided to the jury didn't require it to find each element of the crime under proof;

(4) The trial court erred in allowing the jury verdict to stand under the <u>Jackson v. Virginia</u> test for sufficiency of the evidence if the essential elements of the crime beyond a reasonable doubt are not met;

(5) Counsel was ineffective for failing to investigate grounds for suppression of defendant's incriminating statements to police, and also in failing to suppress the testing of another gun that was not the gun in the indictment; and

(6) Counsel failed to investigate grounds for suppression of defendant's incriminating statement to police; and counsel failed to properly investigate the facts of the case and the evidence against the defendant.

On October 8, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari.

C. Legal Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

D. AEDPA and 28 U.S.C. § 2254

Petitioner filed his timely petition on May 6, 2009. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. See 28 U.S.C. § 2244(d)(1).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1).

Section 2254 requires an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)-(A). The Fourth Circuit has held that in order to satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

The exhaustion requirement under § 2254 may still be satisfied where petitioner failed to squarely present the issue to the highest state court "if it is clear that the claim[s] would be procedurally defaulted if the petitioner attempted to raise [them] at this juncture." George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996); see also Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 298 (1989); Matthews, 105 F.3d at 911.

However, "[f]ederal habeas review of a state prisoner's claims that are procedurally

defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)).

  E.  The Petitioner's Grounds for Relief

The present federal habeas petition was filed in this court on February 13, 2009. Respondents concede that the record supports a finding of exhaustion under 28 U.S.C. Section 2254(b)(1). (Resp't Mot. Summ. J. 14.) Petitioner's original petition presented three grounds for relief. He amended his petition on April 17, 2009, raising an additional seven grounds which the Magistrate Judge suggests are overlapping. As a result, the Magistrate Judge has renumbered petitioner's Grounds for relief as follows:

  (1)  The court erred by not dismissing charges because the state failed to put up evidence (x-rays, clothes, doctor's testimony, etc.);

  (2)  The court erred in giving an unconstitutional charge on assault and battery with intent to kill by use of a murder charge with it, and confusing the jury;

  (3)  The trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt;

  (4)  Trial counsel was ineffective for not presenting a mitigation case about the fact that the officer's shirt, vest, or glove, x-rays or doctors was not put in as evidence to prove a bullet had in fact passed through them, denying petitioner a fair trial;

  (5)  The trial court erred by allowing a jury verdict to stand, if the instructions provided to the jury didn't require it to find each element of the crime under proof;

7

(6) The trial court erred in allowing the jury verdict to stand under the Jackson v. Virginia test for sufficiency of the evidence if the essential elements of the crime beyond a reasonable doubt were not met;

(7) Counsel was ineffective for failing to investigate grounds for suppression of defendant's incriminating statements to police, and also failed to suppress the testing on another gun that was not the gun in the original indictment;

(8) Trial counsel was ineffective for not presenting a mitigation case about the fact that the x-ray, officer's shirt, vest, or glove was not put in as evidence to prove a bullet had in fact passed through them, denying petitioner a fair trial;

(9) Counsel failed to investigate grounds for suppression of defendant's incriminating statement to police. Counsel failed to properly investigate the facts of the case and evidence against defendant; and

(10) Counsel was ineffective for not investigating all of the facts of the case and allowing the state to put a different firearm into evidence that wasn't the firearm on the original indictment (arrest warrant).

F. The Magistrate Judge's Report

The Report found that grounds 1, 3, and 6 in the petition without merit as there was sufficient evidence in the record to deny a directed verdict and to support the jury's verdict. The Report also included an in-depth review of the jury charge, found no defect, and determined grounds 2 and 5 wanting. Ground 7, 8, 9, and 10 relate to direct physical evidence of the shooting and petitioner's statement to the police. Because petitioner testified at trial that he fired the shots that hit the victim, the Report concluded that grounds 7 through 10 could not stand. The Report also found that petitioner's assertion that his trial counsel should have argued that the lack of the shirt, vest, gloves, or x-rays showing the gun shots evidenced his lack of guilt would have flown in the face of his defense strategy, which

8

appears to have been that petitioner acted in self defense and without malice or premeditation (ground 4).

G. The Petitioner's Objections to the Report and Recommendations

Petitioner timely objected to the Report, lodging what appear to be six objections. Petitioner's objections are as follows:

(1) Petitioner objects to the Report weighing the sufficiency of evidence and asserts that the evidence presented at trial was not sufficient to support the verdict.

(2) Petitioner objects to the Report's reliance on West v. West, 505 U.S. 277 (1992), as he asserts that circumstantial evidence is governed by different authority that is at odds with the facts of his case.

(3) Petitioner objects to the Report's finding that the "reviewing courts neglected their constitutional duties to protect petitioner's due process and equal protection rights" in finding the jury charge without defect.

(4) Petitioner takes issue with the Report's finding that counsel provided constitutionally effective assistance.

(5) Petitioner objects to the Report's finding that the state met its burden.

(6) Petitioner objects to the Report's finding that the state proved each element of the offenses for which petitioner was convicted.

(7) Petitioner objects to the Report's finding that he was not entitled to a jury charge on a lesser included offense.

(8) Petitioner objects to the Report's finding that he is procedurally barred from his desired remedy.

II. Discussion

As the Magistrate Judge properly notes, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was

appears to have been that petitioner acted in self defense and without malice or premeditation (ground 4).

G. The Petitioner's Objections to the Report and Recommendations

Petitioner timely objected to the Report, lodging what appear to be six objections. Petitioner's objections are as follows:

(1) Petitioner objects to the Report weighing the sufficiency of evidence and asserts that the evidence presented at trial was not sufficient to support the verdict.

(2) Petitioner objects to the Report's reliance on West v. West, 505 U.S. 277 (1992), as he asserts that circumstantial evidence is governed by different authority that is at odds with the facts of his case.

(3) Petitioner objects to the Report's finding that the "reviewing courts neglected their constitutional duties to protect petitioner's due process and equal protection rights" in finding the jury charge without defect.

(4) Petitioner takes issue with the Report's finding that counsel provided constitutionally effective assistance.

(5) Petitioner objects to the Report's finding that the state met its burden.

(6) Petitioner objects to the Report's finding that the state proved each element of the offenses for which petitioner was convicted.

(7) Petitioner objects to the Report's finding that he was not entitled to a jury charge on a lesser included offense.

(8) Petitioner objects to the Report's finding that he is procedurally barred from his desired remedy.

II. Discussion

As the Magistrate Judge properly notes, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was

"contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005) ; McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The court will address petitioner's objections to the report below.

A. Petitioner Objects to the Report's Weighing the Evidence and Finding Sufficient Evidence to Convict

Petitioner objects to the Report weighing the sufficiency of evidence and asserts that the evidence presented at trial was not sufficient to support the verdict. However, Wright v. West, 505 U.S. 277 (1992) requires a court to review and evaluate all evidence presented at trial in assessing a claim that evidence was insufficient to convict a petitioner. Indeed, the Supreme Court requires courts reviewing habeas corpus petitions to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 283–84. At trial, Officer Roberts, the victim, testified that he had been shot three times and petitioner testified that he possessed the gun and fired three shots through the door. Flood also testified at trial that he told the officers he had crack cocaine in his clothes in the house, which the officers promptly retrieved. The Report concluded that sufficient evidence existed to support petitioner's conviction and the court concurs. Accordingly, the court overrules objection one.

    B.    Petitioner Objects to the Report's Analysis of Circumstantial Evidence

Petitioner objects to the Report's finding that the jury charge lacked defect, asserting that a different jury charge, one based on State v. Robertson, 5 S.E.2d 285 (S.C. 1939), should have been given to take into account circumstantial evidence. However, the objection does not state what circumstantial evidence petitioner believes was not taken into account by the jury charge given at trial. As stated in the Report, completely circumstantial evidence may be adequate to support a conviction. Stamper v. Munice, 944 F.2d 170 (4th Cir. 1991). Without some indication of what circumstantial evidence petitioner wished to base a charge on or take into account, the court cannot properly evaluate his objection. Accordingly, because the court finds no defect with the jury charge, and because petitioner does not direct the court to the circumstantial evidence he wishes the court to take into account, objection two is overruled.

    C.    Petitioner Asserts that his Due Process and Equal Protection Rights Were Violated by the Jury Charge and by the "Reviewing Court's" Failure to Strike Down the Jury Charge

Petitioner objects to the Report's finding that the jury charge was without defect. He cites to State v. Alesky, 538 S.E.2d 248 (S.C. 2000) and Estelle v. McGuire, 502 U.S. 62 (1991) for the proposition that jury instructions may violate the constitution and argues that the instruction given in his case in fact violated the constitution. Petitioner does not indicate how he believes the charge violates the constitution, only that it does. Without the aid of specific offending passages, the court has reviewed the record and finds no constitutional infirmity in the charge as given. (App. 409-431.) Accordingly, because the charge is not infirm, petitioner's objection is overruled.

D. Petitioner Takes Issue with the Report's Finding that Counsel Provided Constitutionally Effective Assistance

Petitioner objects to the Report's finding that his trial counsel was not ineffective, however he does not cite to any evidence in the record or make further argument. The court has reviewed the record and adopts the comprehensive and well-reasoned analysis of the Magistrate Judge as to the ineffective assistance of counsel general objection.

E. Petitioner Objects to the Report's Finding that the State Met its Burden

Petitioner asserts that the state could not have met its burden and cites cite to Sandstrom v. Montana, 442 U.S. 510 (1979). However, as discussed in the court's analysis of objection one, the state provided sufficient evidence from which a jury could have convicted petitioner. Accordingly, objection five is overruled.

F. Petitioner Objects to the Report's Finding that the State Proved Each Element of the Offenses for which Petitioner was Convicted

Petitioner asserts that the state did not provide evidence on each element of the crimes

for which he was convicted such that a jury could have convicted him. As discussed above and as reflected in the Report and the record, sufficient evidence existed on each element of the charges against petitioner. Accordingly, objection six is overruled.

    G.    Petitioner Objects to the Report's Finding that his Due Process Rights were not Violated Because he was Entitled to a Jury Charge on a Lesser Included Offense

The record clearly demonstrates that the jury charge included a charge for lesser included offenses. (App. 413–14, 422–23.) Accordingly, because petitioner received what he claims he did not, his objection is overruled.

    H.    Petitioner objects to the Report's finding that He is Procedurally Barred from his Desired Remedy.

Petitioner objects to the Report's conclusion that several grounds in his petition are procedurally barred. However, after reviewing the record, the Report, and the objections thereto, the court agrees with the findings of the Magistrate Judge and adopts its analysis in full. Accordingly, plaintiff's objection is overruled.

III.    Conclusion

After a careful review of the record, the applicable law, the Report, and the petitioner's objections thereto, the court overrules petitioner's objections and concurs in the findings and recommendations of the Magistrate Judge. The Report, in full, is hereby incorporated by reference. The respondent's motion for summary judgment is granted and petitioner's request for an evidentiary hearing is denied.

IV.     Certificate of Appealability

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000))..

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

March 31, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge